**WATKINS v. HOVEY et al.**

No. 6070.

United States District Court
W. D. Missouri, W. D.
Jan. 28, 1950.

H. C. Woods, Harry A. Hall, Kansas City, Mo., for plaintiff.

Walter J. Gresham, Kansas City, Mo., for defendant Hovey.

Wm. T. Alford, John A. McGuire, Kansas City, Mo., for defendants Hunter and LeVan.

REEVES, Chief Judge.

The motion to dismiss challenges the jurisdiction of the court. The plaintiff sues for the recovery of $1,000.00 deposited as earnest money on a contract for the purchase of specified real estate in Kansas City, Missouri. The contract was not carried out and the failure, as alleged in the complaint, was not the fault of plaintiff. Under such circumstances it was his belief that he was entitled to recover from defendants the $1,000.00 paid or deposited as earnest money.

Concerning the deposit the complaint reads: " * * * and the plaintiff alleges that he has exercised his right to declare the entire transaction void as provided for in the written memorandum as aforesaid." This was followed by an averment, " * * * that demand has been made both orally and in writing upon the defendants for the return of the $1,-000.00 but the defendants have wholly refused and still continue to refuse to return same to plaintiff; all to his damage in the sum of $1,000.00." This was followed by an averment, " * * * that the acts of the defendants (in the premises) and in refusing to return the $1,000.00 are intentional, fraudulent, unlawful, wanton and malicious and the plaintiff is entitled to punitive damages therefor by way of punishment to the defendants in a further sum of $2,500.00." There was a prayer for damages in the aggregate sum of $3,-500.00.

If the plaintiff is not entitled to punitive damages in this kind of suit, then this court is without jurisdiction and the motion to dismiss should be sustained.

■ An examination of the authorities discloses that punitive damages are not allowable in cases of breach of contract. This is an action for money had and received or upon an implied obligation to return the $1,000.00, if otherwise the plaintiff has complied with the conditions of the agreement.

■ In the case of Peitzman v. City of Illmo, 141 F.2d 956, the Court of Appeals, this circuit, discussed at length a case arising in the E. D. of Missouri and involving the state law on the same subject. On page 961 of 141 F.2d the court fully discussed the principle involved. The court said: "A tort is a wrong done independent of contract, but torts may be committed in the non-observance of contract duties. Braun v. Riel, Mo.Sup., 40 S.W.2d 621, 80 A.L.R. 875. Liability in tort may indeed co-exist with a liability in contract toward the same person where, independently of the contract, there is a duty which has been violated. * * * *Conduct that is merely a breach of contract is, of course, not a tort.* (Emphasis mine.) However, a contract may establish a relationship and failure to exercise proper care or tortious and intentional wrong in performing it may give rise to a tort liability which is not defeated because there was a contract." See also Belser v. Mutual Life Ins. Co. of New York, D.C., 77 F.Supp. 826; Thomas v. Sterling Finance Co., Mo.App., 180 S.W. 2d 788. In the Peitzman case, from which the excerpts of the opinion are set out, the whole proceeding sounded in tort. In this case the proceeding does not sound in tort but is a simple suit on a contractual obligation; and then plaintiff avers that failure to observe the contract and to pay . over the $1,000.00 was "intentional, fraudulent, unlawful, wanton and malicious."

480

This language would not transform the action into one sounding in tort. Whatever the language, the fact remains that the action is to recover $1,000.00 as money had and received or upon an implied contract to restore it when the terms of the original contract failed.

In view of the above, the motion to dismiss should be sustained. Since the court is without jurisdiction although the other defendants have not asked for dismissal, the court of its own motion should order the entire case dismissed for want of jurisdiction.